The Honorable Jerry E. Hinshaw State Representative Route 4, Box 444-A Springdale, Arkansas 72767
Dear Representative Hinshaw:
This is in response to your request for an opinion regarding the need for an individual to obtain a chauffeur's license. You have asked, specifically, whether a person driving his or her own truck which is loaded with a product that he or she owns is required to have such a license?
Ark. Stat. Ann 75-301 et seq. (Repl. 1979 and Cum. Supp. 1985) concerning "Operators' and Chauffeurs' Licenses" is applicable to the question posed. An individual who operates a vehicle as a public or common carrier of persons or property is required to possess a chauffeur's license. See 75-303(c) and 75-307. The terms "public or common carrier" refer to a person who is engaged in or holds himself out to the public as being engaged in the transportation of persons or property, with services being provided for hire and as a means of employment for the individual and not a casual occupation. Jones v. Ferguson, McDonald, Inc. v. Mansfield, 6 F.2d 29, 31 (W.D.Ark. 1925).
Ark. Stat. Ann. 75-307 regulates those individuals who, for hire, undertake to transport property or person. The law recognizes another type of carrier known as a "private carrier." This carrier is not subject to the licensing provisions of 75-307. Jones v. Ferguson, 181 Ark. at 525. A private carrier is defined as "one who, without being engaged in the business of carrying as a public employment, undertakes to deliver goods in a particular case for hire or reward. Smitherman McDonald 6 F.2d at 31.
A general answer cannot be provided in response to the question posed. If the transport of the individual's product is incident to a business enterprises that is his or her means of employment, it may be reasonable to conclude that the person must possess a chauffeur's license. Alternatively, if the truck is used occasionally in the transport of the individual's product and the person is not holding him or herself out as being in the business of transporting the product, the provisions of 75-301, et seq. would not appear to be applicable. A conclusive answer the your question therefore dictates a review of the particular facts of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.